09-0801-ag
Chen v. Holder

BIA
A070 012 126

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT:
      ROBERT D. SACK,
      PETER W. HALL,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges.*

_____

KE ING CHEN, A.K.A. KE-YIN CHEN,
      *Petitioner*,

      v.                      09-0801-ag
                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Ke Ing Chen, pro se, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Arthur L. Rabin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice,

**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ke Ing Chen, a native and citizen of the People's Republic of China, seeks review of a February 5, 2009 order of the BIA denying his motion to reopen/reconsider. *In re Ke Ing Chen a.k.a. Ke-Yin Chen*, No. A070 012 126 (B.I.A. Feb. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen and reconsider for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). To the extent that Chen challenges the BIA's denial of his motion to reconsider, the BIA reasonably denied the motion as untimely, because it was undisputed that it was filed beyond the 30 day deadline. *See* 8 C.F.R. § 1003.2(b)(2). With regard to the BIA's denial of Chen's motion to reopen, we conclude that the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely and number-

2

barred.  Chen's order of deportation became final in April 1998, but he did not file his motion until August 2008, well beyond the 90-day deadline.  *See* 8 C.F.R. § 1003.2(c)(2). The motion to reopen was his sixth filed before the BIA. *See id.*

There is no time or numerical limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).  Here, however, the BIA properly found that Chen's motion did not qualify for such an exception. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

The BIA considered Chen's evidence and reasonably declined to give weight to the articles allegedly written by Chen under a pseudonym in the United States.  *See Xiao Ji Chen v. U.S. Dept's of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).  And the BIA did not err when it found "not plausible" the claim that Chinese officials required Chen's wife to report monthly on Chen's political

3

activities in the United States in the absence of any written police order corroborating the claim. *See Xiao Ji Chen*, 471 F.3d at 341. Furthermore, the BIA reasonably noted that the background evidence submitted in support of the motion did not reflect the treatment of persons similarly situated to Chen. *See Jian Gui Shao v. Mukasey,* 546 F.3d 138, 160-61 (2d Cir. 2008). And the BIA reasonably declined to credit Chen's assertions and particularized evidence based on the agency's underlying adverse credibility finding. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Because the BIA did not err in finding that Chen failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying his untimely and number-barred motion to reopen/reconsider. Because Chen's claim for CAT relief was based on the same factual circumstance as his claim for asylum and withholding of removal, the BIA did not err in finding that he failed to meet his burden of proof for reopening to apply for CAT protection. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the motion the Court

previously granted with respect to a stay of removal is VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk